**Debra Morris BUTLER, Plaintiff,**

v.

**SMITHFIELD FOODS, INC., Defendant.**

**No. 4:97–CV–85–H2.**

United States District Court,
E.D. North Carolina,
Eastern Division.

May 21, 1998.

---

David P. Voerman, New Bern, NC, for Debra Morris Butler.

Michael C. Lord, Maupin, Taylor, Ellis & Adams, Joel H. Katz, Raleigh, NC, for Smithfield Foods, Inc.

## ORDER

HOWARD, District Judge.

This matter is before the court on plaintiff's motion for entry of judgment in her favor, defendant's motion to strike plaintiff's notice of acceptance of defendant's offer of judgment, defendant's motion for leave to amend its answer, and defendant's motion for summary judgment. Each party has responded to the other's motions, and these matters are ripe for adjudication.

## COURT'S DISCUSSION

### I. Plaintiff's Motion for Entry of Judgment Upon Her Acceptance of Defendant's Offer of Judgment

#### A. Underlying Facts

Plaintiff, Debra Butler ("Butler"), brought this action to recover damages for defendant's alleged failure to pay plaintiff overtime pay pursuant to the Fair Labor Standards Act. On February 24, 1998, defendant, Smithfield Foods, Inc. ("Smithfield Foods"), served upon plaintiff an "Offer of Judgment," pursuant to Fed.R.Civ.P. 68, in the amount of $12,500. Plaintiff's counsel sent defendant's counsel a facsimile letter on March 2, 1998, in which he counteroffered to "settle the present case for the total sum of $25,000." Later that day, defendant's counsel informed plaintiff's counsel that "[w]e are in receipt of your letter dated March 2, 1998, rejecting defendant's Offer of Judgment .... [and are writing] to advise you that Smithfield Foods rejects

Ms. Butler's settlement demand with no counteroffer."

Butler's counsel then notified counsel for Smithfield Foods by facsimile letter on March 6, 1998, that he had "authority from [his] client to settle the [ ] matter for $18,-000." Butler's counsel further wrote: "This offer remains open until 12:00 noon on Monday, March 9, 1998 and is our final offer."

On March 9, 1998, defendant's counsel called and advised plaintiff's counsel that Smithfield Foods had rejected Butler's $18,-000 offer of settlement and had authorized no counteroffer. Later that day, plaintiff's counsel sent to defendant's counsel by facsimile a notice of Butler's acceptance of Smithfield Foods' $12,500 offer of judgment. After receiving notice of Butler's acceptance, Smithfield Foods filed a motion to strike the acceptance as ineffective since Butler had rejected the offer of judgment by making a counteroffer.

#### B. Analysis

Rule 68 of the Federal Rules of Civil Procedure states:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by fur-

ther proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

As the statutory language makes clear "a Rule 68 offer of judgment ... presents a [ ] draconian choice to the plaintiff: accept it on its terms, or go to trial and run the risk of obtaining a less favorable judgment and paying the defending party's post-offer costs." *Said v. Virginia Commonwealth Univ.*, 130 F.R.D. 60, 63 (E.D.Va.1990). Therefore, such offers have a binding effect when refused as well as when accepted. *See Shorter v. Valley Bank & Trust*, 678 F.Supp. 714, 719–20 (N.D.Ill.1988) (quoting *Boorstein v. City of New York*, 107 F.R.D. 31, 34 (S.D.N.Y.1985)).

Defendant contends that plaintiff's March 2 and March 6 facsimiles constituted counteroffers to defendant's Rule 68 offer and that, under traditional principles of contract law, a counteroffer serves as a rejection of the initial offer. Thus, defendant concludes that plaintiff could not have accepted the $12,500 offer of judgment because she had already rejected that offer.

■ In determining whether a valid offer and acceptance has occurred for purposes of Rule 68, courts apply traditional principles of contract law. *See Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir.1991); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988); *Johnson v. University College of the Univ. of Alabama*, 706 F.2d 1205, 1209 (11th Cir.1983). However, even under traditional contract principles, the particular effect of a counteroffer depends upon whether the initial offer was irrevocable.

■ Ordinarily a counteroffer operates as an outright rejection of the initial offer because it manifests the offeree's intention not to accept the offer and thereby terminates the offeree's power of acceptance. *See United States v. Hendricks*, No. 92–C–1461, 1993 WL 226291, at *2 (N.D.Ill. June 24, 1993) (citing Restatement (Second) of Contracts § 36, at 102–03 (1981); Arthur L. Corbin,

*Corbin on Contracts* § 90, at 382–84 (1963)). If, however, the initial offer was irrevocable, the rule that a counteroffer terminates the power of acceptance does not apply and an offeree retains the power to accept the offer even after having made one or more counteroffers. *See id.*

■ Thus, the dispute between these parties over whether plaintiff rejected defendant's $12,500 offer of judgment can be resolved by determining whether defendant's Rule 68 offer was irrevocable. *See id.* (analyzing a case in this manner to determine whether plaintiff rejected defendant's offer of judgment by making a counteroffer before ten day period expired).

The Fourth Circuit intimated that it agreed with other authorities' conclusions that Rule 68 offers ordinarily were irrevocable for ten days when it held in *Colonial Penn Insurance Co. v. Coil*, 887 F.2d 1236 (4th Cir.1989), that "*exceptional* factual circumstances may properly merit revocation of offers made pursuant to Rule 68." *Id.* at 1240 (emphasis added) (citing 12 C. Wright, A. Miller & Marcus, *Federal Practice and Procedure: Civil* §§ 3004, 3005, at 59–60 (1973), among other authorities, for the proposition that Rule 68 offers generally are considered irrevocable).

The Court of Appeals for the District of Columbia explained its view that Rule 68 offers were "categorically" irrevocable in *Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C.Cir.1995):

Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is *guaranteed* 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option). If the rule were to be read as [defendant] urges, the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule

so construed would allow a defendant to engage in tactical pressuring maneuvers. This does not mean that a defendant offeror is totally without recourse once an offer has been made. We agree with both the Fourth Circuit's opinion in *Colonial Penn* and the district court's determination below that a defendant is entitled to relief if the offer is induced by actual misconduct on the part of the plaintiff.

*Id.* at 765 (emphasis added) (internal citations omitted).

In addition to the reasons given by the *Richardson* court for treating a Rule 68 offer as irrevocable, this court surmises that if this case were to proceed to trial and Butler were to recover a judgment that did not exceed $12,500, Smithfield Foods would eagerly produce the February 24, 1998, offer of judgment and demand reimbursement for its post-offer costs. Thus, if the court were to adopt defendant's position that the offer was revoked by plaintiff's counteroffers, Smithfield Foods would receive the entire benefit of making a Rule 68 offer, without exposing itself to plaintiff's potential acceptance of the offer for the ten days required under the rule. In effect, defendant requests that the court extend to it all the protections of Rule 68, without requiring it to comply with the rule's provisions. If Rule 68 offers were revoked by counteroffers as readily as Smithfield Foods suggests, then a defendant could effectively control all settlement negotiations shortly before trial simply by making an offer of judgment and thereby discouraging a plaintiff from engaging in future settlement negotiations for fear of eliminating her opportunity to accept.

Furthermore, the Fourth Circuit's holding in *Colonial Penn* that courts have inherent power to revoke Rule 68 offers in cases with "exceptional facts," strongly supports the view that such offers *generally* are irrevocable. Given the lack of exceptional facts or circumstances surrounding the Rule 68 offer in this case and the compelling rationales employed by other courts in finding Rule 68 offers irrevocable, this court finds that defen-

dant Smithfield Foods' offer was, in fact, irrevocable.

Because the court has concluded that Smithfield Foods' $12,500 offer of judgment was irrevocable, the plaintiff's counteroffers of $25,000 and $18,000 did not, as a matter of law, constitute a rejection of defendant's initial irrevocable offer. Plaintiff timely accepted defendant's offer on May 9, 1998, well within the ten days provided for by Rule 68.[1] Accordingly, the court directs the clerk to enter judgment for the plaintiff in the total gross amount of $12,500. This amount includes all costs and reasonable attorney's fees accrued by plaintiff.

## II. Defendant's Remaining Motions

In light of the court's direction for entry of judgment in plaintiff's favor for $12,500, defendant's motions to amend its complaint and for summary judgment are moot.

## CONCLUSION

Defendant's motion to strike plaintiff's notice of acceptance of defendant's offer of judgment is DENIED. The court directs the clerk to enter judgment for the plaintiff in the total gross amount of $12,500, which amount includes all costs and reasonable attorney's fees accrued by plaintiff. Defendant's remaining motions are DENIED as moot. Following the entry of judgment for the plaintiff, the clerk is directed to close this case.

---

1. Fed.R.Civ.P. 6(a) provides in part that: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."