**Ramona POPE, et al., Plaintiffs,**

v.

**LIL ABNER'S CORPORATION d/b/a Tootsie's Caberet, Defendant.**

**No. 98–0271–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 17, 2000.

Michael S. Passano, Zuckerman, Spaeder, Taylor & Evans, LLP, Miami, FL,

Gerald Pumphrey, Palm Beach Gardens, FL, for Defendant Lil Abner's Corp.

Scott W. Rothstein, and Michael A. Pancier, Phillips Eisinger Koss Rothstein & Rosenfeldt, P.A., Ft. Lauderdale, FL, for Plaintiffs Ramona Pope, et al.

JORDAN, District Judge.

Defendant Lil Abner's Corporation has filed an emergency motion to strike the plaintiffs' acceptance of an offer of judgment [filed February 16, 2000], and the plaintiffs have filed a memorandum in opposition [filed February 16, 2000]. For the reasons set forth below, Lil Abner's motion is DENIED.

On February 4, 2000, Lil Abner's made an offer of judgment, pursuant to Federal Rule of Civil Procedure 68,[1] to the plaintiffs for $75,000. On February 10, the plaintiffs made a counteroffer of $140,000, which Lil Abner's rejected.[2] On February 15, the plaintiffs' counsel accepted the February 4 offer of judgment and moved for entry of final judgment against Lil Abner's [D.E. 172].[3]

In its motion to strike the plaintiffs' acceptance of the offer of judgment, Lil Abner's argues that the plaintiffs could not accept the offer of judgment after making a counteroffer. Lil Abner's contends that the counteroffer acted as a rejection of the offer of judgment, and thereby terminated the plaintiffs' ability to accept it.

■ Courts apply traditional principles of contract law to interpret offers of judgment made under Rule 68. *See, e.g.,*

1. Rule 68 provides:
    If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer an notice of acceptance together with proof of service thereof and the clerk shall enter judgment.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

2. The plaintiffs deny that they made a counteroffer to Lil Abner's, and explain that they were simply involved in settlement discussions. For purposes of this motion, I assume that the plaintiffs made a counteroffer.

3. Lil Abner's does not contend that the plaintiffs' acceptance on February 15 was untimely. In any event, under Federal Rule of Civil Procedure 6, the acceptance was timely.

*Johnson v. University College of University of Alabama,* 706 F.2d 1205, 1209 (11th Cir.1983). Were an offer of judgment an ordinary offer to contract, Lil Abner's argument would have merit. Rule 68 offers of judgment, however, are irrevocable offers. *See Richardson v. National R.R. Passenger Corp.,* 49 F.3d 760, 764–65 (D.C.Cir.1995) ("a Rule 68 offer is simply not revocable during the 10–day period");*Butler v. Smithfield Foods, Inc.,* 179 F.R.D. 173, 174–75 (E.D.N.C.1998) (same); *United States v. Hendricks,* No. 92 C 1461,1993 WL 226291, at * 2–3 (N.D. Ill. June 24, 1993) (same); 12 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3004, at 102–05 (1997) (same). *See also Webb v. James,* 147 F.3d 617, 620–21 (7th Cir.1998) (holding that Rule 68 contracts are not subject to the doctrine of recission under principles that preclude the offeror from revoking its Rule 68 offer); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1240 (4th Cir.1989) (suggesting that Rule 68 offers may be revoked only in "exceptional factual circumstances"); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 402 n. 6 (8th Cir. 1988) (noting that federal courts deem Rule 68 offers to be irrevocable). According to the D.C. Circuit, this conclusion is consistent with the purpose of Rule 68:

> Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option). If the Rule were to be read as [the defendant] urges, the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule so

construed would allow a defendant to engage in tactical pressuring maneuvers.... This does not mean that a defendant offeror is totally without recourse once an offer has been made. We agree with both the Fourth Circuit's opinion in *Colonial Penn* and the district court's determination below that a defendant is entitled to relief if the offer is induced by actual misconduct on the part of the plaintiff.

49 F.3d at 765 (citations omitted).

A counteroffer does not terminate the power to accept an irrevocable offer. *See* Restatement (Second) of Contracts § 37, at 103 (1981); E. Allen Farnsworth, *Farnsworth on Contracts* § 3.23, at 324–36 (1998). For that reason, the two district courts to consider the argument now raised by Lil Abner's have held that an offer of judgment may be accepted within the 10–day period provided by Rule 68 despite an intervening counteroffer. *See Butler,* 179 F.R.D. at 174–75; *Hendricks,* 1993 WL 226291, at *2–3.

I agree with the rationale and holding of *Butler.* Because the plaintiffs accepted Lil Abner's offer of judgment within the time permitted by Rule 68, their acceptance is valid. Accordingly, the clerk is directed to enter judgment for the plaintiffs in the sum of $75,000. This sum includes all costs and reasonable attorneys' fees accrued by the plaintiffs. All pending motions are DENIED AS MOOT. This case is CLOSED.