**Vivian KIRKLAND, Plaintiff,**

v.

**SUNRISE OPPORTUNITIES, Defendant.**

**No. 00–CV–176–B–S.**

United States District Court,
D. Maine.

May 7, 2001.

Arthur J. Greif, Gilbert & Greif, P.A., Bangor, ME, for plaintiff.

Glen L. Porter, Eaton, Peabody, Bradford & Veague, Bangor, ME, for defendant.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

SINGAL, District Judge.

Before the Court is Defendant's Motion to Alter or Amend Judgment (Docket # 9). For the following reasons, the Court DENIES Defendant's Motion.

## I. BACKGROUND

Plaintiff Vivian Kirkland brought suit against Defendant Sunrise Opportunities pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. §§ 4551 *et seq.*, for alleged discrimination based on a physical disability and on Plaintiff's previous workers' compensation claim.

With a letter dated February 16, 2001, Defendant's counsel forwarded an offer of judgment to Plaintiff's counsel. The offer of judgment reads in pertinent part:

### OFFER OF JUDGMENT

Defendant Sunrise Opportunities, by and through .its attorneys, Eaton, Peabody, Bradford & Veague, P.A., pursuant to the provisions of Rule 68 of the Federal Rules of Civil Procedure, hereby offers to allow judgment against it in the amount of $4,000.00, with costs then accrued. Pursuant to Rule 68, this Offer of Judgment is outstanding for 10 days from service of the Offer upon Plaintiff's counsel.

(Offer of J. (Docket # 5).) During the morning of February 21, 2001, Plaintiff's attorney telephoned Defendant's attorney and left a voice mail message, in which he intimated that Plaintiff would accept the offer of judgment. In this voice mail message, Plaintiff's attorney also stated that he expected his client to receive a total of approximately $11,000, constituting the offered $4,000 plus reasonable attorney fees.

Upon hearing this voice mail message that evening, Defense counsel began preparing a letter and an amended offer of judgment because he and his client had not intended to offer to reimburse Plaintiff for her attorney fees. Defendant's lawyer had the letter and amended offer of judgment hand-delivered to the front desk of Plaintiff's lawyer's place of business at approximately 8:45 a.m. on February 22, 2001. It does not appear that Defendant's attorney attempted to telephone Plaintiff's attorney. Meanwhile, Plaintiff's counsel filed an acceptance of the first offer of judgment with the Court. The stamp affixed to the acceptance of offer of judgment shows that it was filed by the Clerk's Office at 10:45 a.m. that morning.

Defendant's attorney argues that sometime during that two-hour interval, Plaintiff's attorney must have become aware of the amended offer of judgment, but chose to ignore it and instead raced to the courthouse

to file the acceptance of judgment. Plaintiff's counsel contends that he did not personally know about the amended offer of judgment, and that in the course of business on the morning of February 22nd, the correspondence failed to make its way from his office's receptionist to his hands. Indeed, Plaintiff's counsel maintains that he spent much of the morning out of the office, including a visit sometime between 10:45 and 11:00 a.m. to the workplace of Defense counsel, where Plaintiff's counsel delivered a copy of the acceptance of judgment that he had just filed with the Court.

Defendant's attorney personally received the copy of the acceptance of judgment at noon that day. At about 12:15 p.m., Plaintiff's counsel for the first time viewed the correspondence from Defendant's counsel. Plaintiff's attorney claims that he telephoned Defendant's attorney and spoke with him, but that during the conversation they discussed other issues, and Defendant's attorney said nothing regarding this particular matter of the offer and acceptance of judgment.

## II. DISCUSSION

On February 27, 2001, the Clerk of the Court entered final Judgment, which reflects the language of the initial offer of judgment filed with the Court on February 22nd. Defendant now argues that pursuant to Rule 59(e), the Court should vacate the Judgment because there was not a "meeting of the minds" between Plaintiff and Defendant. Defendant argues that it never intended to offer to pay for Plaintiff's attorney fees. Therefore, Defendant argues, Judgment must be vacated.

### A. Offers of Judgment

■ "As a general matter, it is agreed that since Rule 68 offers are basically offers of settlement their provisions should be interpreted according to contract law principles." Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 3002 at p. 94 (1997). Unlike a normal offer, however, an offer of judgment cannot be revoked during the ten-day period that a plaintiff has to respond. *See, e.g., Richardson v. Nat'l R.R.*

*Passenger Corp.*, 49 F.3d 760, 765 (D.C.Cir. 1995) ("a Rule 68 offer is simply not revocable during the 10–day period.... (as though the plaintiff had paid for a 10–day option)."). A few courts, however, have permitted defendants to clarify an offer of judgment by submitting amended offers of judgment. *See, e.g., Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402–03 (8th Cir.1988).

■ Even assuming that Rule 68 allows for such clarification, common law principles of contract law mandate that an offer is not altered unless and until the offeree receives the new offer. *See, e.g.*, Restatement (Second) of Contracts § 42. Even though opinions regarding the law of contracts often use the phrase "meeting of the minds," contract formation has never been a matter of telepathy. There must be communication. Contract law does not rely on the intentions of the parties, rather it looks to the *manifestations* of intent that the parties convey to one another. *See, e.g., id.* §§ 18–23.

### B. *Radecki v. Amoco Oil Co.*

■ Defendant rests its argument on *Radecki v. Amoco Oil Co.*, 858 F.2d 397 (8th Cir.1988), in which the Eighth Circuit held that a Rule 68 offer of judgment and subsequent acceptance had failed to establish a binding agreement because there had not been a meeting of the minds. *See id.* at 402–03. In *Radecki*, the defendant was offering $600,000 to settle the case and the plaintiff was demanding $675,000 when the parties reached an impasse. *See id.* at 399. "The parties understood that the amounts offered and demanded were to cover all of [the defendant's] potential liability, including any liability for costs and attorney fees." *Id.* Shortly thereafter, the defendant made a Rule 68 offer of judgment " 'in the amount of $525,000.00, including costs now accrued.' " *Id.* The very next day, the defendant delivered to the plaintiff's counsel an amended offer of judgment clarifying that the offer was for $525,000 inclusive of attorney fees. *See id.* Subsequently, the plaintiff filed with the district court an acceptance of the first offer of judgment along with a motion for attorney fees. *See id.* The district court awarded the plaintiff more than $200,000 in

attorney fees. *See id.* On appeal, the Eighth Circuit reversed judgment because it found that there had not been a meeting of the minds, and that although a defendant cannot revoke a Rule 68 offer, defendants should be able to clarify incomplete or ambiguous offers by submitting to plaintiffs amended offers of judgment. *See id.* at 402–03. Also, the "materially different intent of the parties as manifested in their actions shows there was no mutual assent, and hence no binding agreement." *Id.* at 403.

*Radecki* is distinguishable in two important ways. First, the factual circumstances surrounding the settlement negotiations in *Radecki* demonstrated that both parties knew that all of the defendant's offers were inclusive of attorney fees. Such is not the case in the instant action. In a letter dated February 12, 2001 addressed to Defendant's counsel, Plaintiff's counsel wrote in pertinent part

> I had made a demand of $12,000.00 to settle this case, before litigation had ensued. I see little reason to change that demand, which I think is eminently reasonable, given the illegal termination of Ms. Kirkland, which was only partially modified when Ms. Kirkland had to retain an attorney.
>
> As you well know, the attorney's fees which will be generated in this case will now begin to mount as we get ready for depositions all day on February 26, 2001, and a trial some time this spring. This settlement demand will no longer be on the table on or after Monday morning, February 26, 2001.

(Docket # 10, Ex. 1.) Arguably, this language implies that Plaintiff's February 12th demand included attorney fees, but that is not explicit. Moreover, even though Plaintiff may have made a demand inclusive of attorney fees, that does not necessarily mean that Defendant ever intended, or intimated to Plaintiff, that its settlement offers included attorney fees. In *Radecki*, both parties understood that all demands and offers were inclusive of attorney fees. *See Radecki*, 858 F.2d at 399. The evidentiary record in the present action does not demonstrate that both parties knew that Defendant had made settlement offers that were inclusive attorney fees.[1]

Second, it was undisputed in *Radecki* that the plaintiff received the amended offer of judgment, but chose to ignore it and instead accepted the initial offer of judgment. In the instant suit, Defendant's counsel argues that circumstantial evidence demonstrates that Plaintiff's counsel received the amended offer of judgment before filing acceptance of the first offer. In particular, Defendant's counsel contends that when he conveyed the initial offer of judgment to Plaintiff's counsel, he included with it an acceptance of offer form, presumably so that Plaintiff and her attorney could simply fill in the blanks before filing it with the Court. Apparently, Plaintiff's counsel drafted his own acceptance of offer form, which differs from the one provided by Defendant. Defendant's attorney argues that because Plaintiff's counsel wrote his own acceptance, featuring somewhat different language than the provided blank acceptance form, it is clear that he truly did know about the amended offer of judgment before he filed the acceptance.[2] Defendant's arguments, however, are nothing more than speculations.

The differences between the two acceptance forms are completely inconsequential.[3]

---

1. The record does not reflect that Defendant made any offers to Plaintiff other than the initial and amended offers of judgment.

2. The form provided by Defense counsel states "Plaintiff Vivian Kirkland, by and through her undersigned attorney, accepts Defendant's Offer of Judgment dated February 15, 2001." (Docket # 10, Ex. 6, Attach.) Rather than using this form, Plaintiff provided her own statement of acceptance, which reads, "Plaintiff, by and through her attorney, Gilbert & Grief, P.A., pursuant to the provisions of F.R.Civ.P. 68 and the

case law interpreting said provisions hereby accepts the offer of judgment, dated February 15, 2001, served upon her attorney." (Pl. Acceptance of Offer of J. (Docket # 5).)

3. Additionally, Defense counsel contends that by using a different acceptance form, Plaintiff either rejected the offer of judgment or made a counteroffer. The Court finds this argument to be spurious. By adding the phrase "pursuant to the provisions of F.R.Civ.P. 68 and the case law interpreting said provisions," Plaintiff did not alter the offer of judgment in any material man-

Furthermore, Defendant's counsel asks this Court to draw conclusions about Plaintiff's counsel's state of mind based on innocent conduct. As far as the Court is aware, there is no rule prohibiting a lawyer from drafting his client's acceptance of offer of judgment. Moreover, Defense counsel's unsubstantiated suspicions do not convince this Court in light of a sworn affidavit filed by Plaintiff's counsel, in which he attests that he did not read the amended offer of judgment or accompanying letter until after he filed the acceptance of judgment. Putting aside Defense counsel's conjecture, the record demonstrates that Plaintiff's counsel filed the acceptance of judgment prior to receiving the amended offer of judgment.

For these reasons, *Radecki* is inapposite. The other cases offered by Defendant are similarly distinguishable and unpersuasive. *See, e.g., Stewart v. Prof'l Computer Ctrs., Inc.,* 148 F.3d 937 (8th Cir.1998); *Boorstein v. City of New York,* 107 F.R.D. 31 (S.D.N.Y. 1985).[4] Applying common law principles of contract law, the Court finds that Defendant made an offer of judgment to Plaintiff and that Plaintiff accepted the first offer prior to receipt of the amended offer. Therefore, Defendant's arguments fail. The Court will not vacate Judgment.

When defendants approach Rule 68, they best tread with caution. Because a defendant has the opportunity to draft an offer of judgment, thereby forcing the plaintiff to make a crucial decision in ten short days, the defendant has an obligation to make that offer of judgment as clear and unambiguous as possible. Although some courts have been lenient toward a defendant who initially drafted a vague offer of judgment, the prevailing trend is for courts to enforce an accepted offer of judgment against the defendant who drafted the offer. *See, e.g., Webb v. James,* 147 F.3d 617, 621–22 (7th Cir.1998) ("Once the acceptance has been properly filed, judgment must be entered."); *Chambers v. Manning,* 169 F.R.D. 5, 8 (D.Conn. 1996) (a "defendant should state his intentions clearly, and any failure to do so will be at his peril.").

C. Whether or Not the Accepted Judgment Includes Attorney Fees

Anticipating that the Court may decline to vacate Judgment, both parties have submitted arguments regarding whether or not the language of the Judgment requires Defendant to reimburse Plaintiff for reasonable attorney fees. Because Plaintiff has filed a separate motion for attorney fees which is still pending, the Court withholds making a determination on that matter. Today's ruling establishes only that the Judgment stands. The Court will address the issue of attorney fees separately.

III. CONCLUSION

Based on the above discussion, the Court DENIES Defendant's Motion to Alter or Amend Judgment.

SO ORDERED.

---

ner. Moreover, when applying Rule 68, federal courts have applied the contract principle that neither a rejection nor a counteroffer terminates an irrevocable offer. *See Pope v. Lil Abner's Corp.,* 92 F.Supp.2d 1327, 1328 (S.D.Fla.2000); *Butler v. Smithfield Foods, Inc.,* 179 F.R.D. 173, 176 (E.D.N.C.1998); *United States v. Hendricks,* No. 92 C 1461, 1993 WL 226291, at *3 (N.D.Ill. June 24, 1993); Restatement (Second) of Contracts § 37.

4. In *Stewart v. Prof'l Computer Ctrs., Inc.,* 148 F.3d 937 (8th Cir.1998), the defendant made an offer of judgment that was much more explicit that the language Defendant used in its offer of judgment. *See id.* at 939. Specifically, the offer of judgment in *Stewart* stated that "judgment be entered on any or all counts against Defendant in a total amount not to exceed FOUR THOUSAND FIVE HUNDRED AND No/100 DOLLARS ($4,500.00) as provided in Rule 68." *Id.* The plaintiff had requested attorney fees among the counts of her complaint. *See id.* At the same time that the plaintiff accepted the offer of judgment, she informed the defendant that she would seek attorney fees in addition to the $4,500. *See id.* Noting that "any or all counts" could include attorney fees, the court ruled that the offer and acceptance did not demonstrate mutual assent, and therefore, the accepted offer of judgment was not binding. *See id.*