**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 14, 2003**

**Charles R. Fulbruge III**
**Clerk**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-31200

_____

JOSEPH BASHA,

             Plaintiff-Appellant,

      versus

MITSUBISHI MOTOR CREDIT OF AMERICA,
INC., ET AL.,

             Defendants,

MITSUBISHI MOTOR CREDIT OF AMERICA,
INC., ET AL.,

             Defendants-Appellees.


Appeals from the United States District Court
For the Eastern District of Louisiana


Before JONES and CLEMENT, Circuit Judges, and FELDMAN,[*] District
Judge.


FELDMAN, District Judge:

I.

Joseph Basha leased a 1998 Mitsubishi Montero Sport from
Royal Imports, Inc.  When the assignor of the lease, Mitsubishi
Motor Credit of America, Inc. (MMCA), refused to let Basha store
the car in Puerto Rico, Basha stopped payment on the lease, and

---

[*] District Judge of the Eastern District of Louisiana, sitting
by designation.

1

MMCA repossessed the car.

Basha sued MMCA, Royal, and MIC Property & Casualty Insurance Co. in Louisiana state court, asserting a variety of claims under state and federal law.[1]  After the lawsuit was removed to federal court, Basha joined defendant Account Receivable Technologies, Inc.[2]

Basha eventually accepted an offer of judgment from MMCA, Royal, and MIC pursuant to Federal Rule of Civil Procedure 68. The district court entered judgment, holding that the offer settled all of Basha's claims against the three defendants, including those for attorney's fees.[3]

The fourth defendant, Account Receivable, made a separate Rule 68 offer of judgment.  Although Basha accepted the offer, the district court refused to enter judgment, finding that offer to be invalid for failing to quantify an amount of actual damages.  We affirm the district court.

---

[1] Basha sued under the Louisiana Lease of Movables Act, La. Rev. Stat. Ann. § 9:3101 (West 2003), the Louisiana Consumer Protection Act, La. Rev. Stat. Ann. § 51:1401 (West 2003), and the federal Consumer Leasing Act, 15 U.S.C. § 1667 (West 2003).  He sought statutory damages, actual damages, attorney's fees, and costs.  MMCA counterclaimed for the unpaid portion of the lease.

[2] Basha sued Account Receivable under the Fair Debt Collection Practice Act.  15 U.S.C. § 1692 (West 2003).

[3] After the court entered judgment, Basha moved to collect costs and attorney's fees.  The district court denied Basha's request, finding that the offer of judgment "did contemplate and encompass costs and attorney's fees."

An interpretation of Rule 68 is an issue of law, and is reviewed <u>de novo</u>.  <u>See, e.g.</u>, <u>Louisiana Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 333 (5th Cir. 1995).  <u>De novo</u> review is appropriate to determine whether defendant's offer of judgment, plaintiff's acceptance or rejection of offer, and the judgment following the trial satisfied the requirements of Rule 68.  <u>See Simon v. Intercontinental Transp. (ICT) B.V.</u>, 882 F.2d 1435, 1439 (9th Cir. 1989).  The district court's findings regarding the factual circumstances under which Rule 68 offers and acceptances are made, however, are reviewed under the clear error standard.  <u>See, e.g.</u>, <u>In re Liljeberg Enterprises, Inc.</u>, 304 F.3d 410, 439 (5th Cir. 2002); <u>Herrington v. County of Sonoma</u>, 12 F.3d 901, 906 (9th Cir. 1993)("[I]ssues involving construction of Rule 68 are reviewed <u>de novo</u>, [while] disputed factual findings concerning the circumstances under which the offer was made are usually reviewed for clear error.").

III.

A.    <u>MMCA's Offer of Judgment Included Attorney's Fees</u>

Appellant contends that the district court clearly erred by finding that MMCA's offer of judgment included attorney's fees.  We disagree.  The offer states:

> Defendant, Mitsubishi Motor Credit of America, Inc.
> (MMCA), offers to waive its counterclaim (in the amount

of $5,669.04, along with judicial interest by contract and all allowable attorney fees, as well as all costs of expenses) associated with this action against plaintiff, Joseph Basha.  In addition, <u>Defendants MMCA, Royal Imports, Inc. d/b/a Royal Mitsubishi and MIC Property & Casualty Insurance Company offer to pay plaintiff $2,000.00</u>.

(Emphasis added).

Courts apply general contract principles to interpret Rule 68 offers of judgment.  <u>See, e.g.</u>, <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1279 (6th Cir. 1991); <u>Radecki v. Amoco Oil Co.</u>, 858 F.2d 397, 400 (8th Cir. 1988).  Although the MMCA offer does not expressly address attorney's fees, we agree with the district court that the circumstances surrounding the offer, if not the text itself, strongly support the view that the parties intended to settle all claims, including those for attorney's fees.

For example, counsel for MMCA sent a letter to Basha's lawyer one week before the offer was accepted stating that the defendants agreed to "pay an additional $2,000 in exchange for a full settlement of this matter with prejudice against these entities and a defense and indemnification as to any remaining parties to this lawsuit."  Moreover, several days after Basha accepted the offer, MMCA's counsel notified Basha by letter that the offer of judgment would "conclude this case as to our clients."[4]

---

[4] Appellant contends that this use of post-acceptance letters is precluded by Federal Rule of Evidence 408.  Basha's assertion is meritless because the letters were not used to establish liability, but, rather, to interpret the parties' settlement agreement.  <u>See</u>

4

These two letters, and Basha's active role in preparing the offer, show that MMCA's offer was a reflection of the parties' efforts to secure a settlement and dismissal of the entire claim.[5]  Thus, the court did not commit clear error when it found that MMCA's offer of judgment included attorney's fees.

B.    Account Receivable's Offer of Judgment Was Invalid

Appellant also contends that the district court erred by finding that Account Receivable's offer of judgment was invalid. That offer of judgment states:

> Judgment shall be entered in the amount of One Thousand and no/100 Dollars ($1,000.00), as against Account[] Receivable Technologies, Inc.  In addition, Plaintiff's reasonable cost[s] and reasonable attorney's fees now accrued in connection with the above referenced suit, specifically incurred for any claims alleged against Account[] Receivable Technologies, Inc., are to be added to the Judgment as against Account Receivable Technologies, Inc. in an amount to be determined by the Court.  In addition, Plaintiff Joseph Basha has alleged that he has suffered "actual damages."  Accordingly,

---

Westchester Specialty Ins. Services, Inc. v. U.S. Fire Ins. Co., 119 F.3d 1505, 1512-13 (11th Cir. 1997)(admitting settlement agreement "for the permissible purpose of resolving a factual dispute about the meaning of the settlement agreement"); Central Soya Co., Inc. v. Epstein Fisheries, Inc., 676 F.2d 939, 944 (7th Cir. 1982)(explaining that evidence regarding a settlement may be admissible to demonstrate the settlement's terms).

[5] In Radecki v. Amoco Oil Company, the court conducted a similar review of extrinsic evidence.  858 F.2d 397 (8th Cir. 1988).  In finding that the offer at issue included attorney's fees, the court relied upon previous settlement figures and an amended offer of judgment which expressly included attorney's fees. Id. at 402.  The court concluded that the circumstances surrounding the original offer indicated that the defendant intended to proffer a lump sum amount.  Id.

> this Offer of Judgment envisions the attorneys for the parties agreeing upon reasonable compensation for Plaintiff's claimed "actual damages," and that said amount is added to this Offer of Judgment.

(Emphasis added). The court held that the offer was invalid because it failed to properly quantify damages.[6]

The plain purpose of Rule 68 is "to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 7 (1985). The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success on the merits. See id. Thus, Rule 68 offers must provide "a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer." Thomas v. National Football League Players Ass'n, 273 F.3d 1124, 1130 (D.C. Cir. 2001) (quoting Gavoni v. Dobbs House, Inc., 164 F.3d 1071, 1076 (7th Cir. 1999)).

Because the offer purported to settle all claims, yet failed to quantify damages, we agree with the district court that mutual assent did not exist between the parties. Moreover, such a vague offer of judgment did not provide Basha with a clear baseline to evaluate the risks of continued litigation. To hold otherwise would be to strip Rule 68 of its purpose. We thus affirm the district court's refusal to enter judgment against Account

---

[6] The court reasoned: "Because the parties in this case did not agree on a material term of settlement, i.e., the amount of actual damages, there was no 'meeting of the minds' and rejection of the proposed judgment was appropriate."

Receivable.[7]

IV.

We affirm the district court's finding that MMCA's offer of judgment included attorney's fees and its refusal to enter judgment against Account Receivable. We further find this appeal to be frivolous.[8] AFFIRMED.

---

[7] Although Basha later dismissed the damages claim, it was nonetheless pending when the district court refused to enter judgment. Thus, the vagueness of the offer is not moot.

[8] Under Federal Rule of Appellate Procedure 39(a)(2), unless the court orders otherwise, costs are taxed to the appellant when a judgment is affirmed. Thus, while we find this appeal to be frivolous we order no additional sanction and point out that "costs" do not include attorney's fees.