**ARROW ELECTRONICS, INC., Plaintiff,**

v.

**HECMMA, INC., Maya Electronic Systems, Inc., Hector Fierro, and Manuel Rivera, Defendants.**

**No. EP0–4–CA–0390–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Sept. 19, 2005.

Justin B. Palmer, Mark Hindley, Salt Lake City, UT, Stephen Harrison Nickey, Mounce, Green, Myers, Safi, & Galatzan, P.C., El Paso, TX, for Plaintiff.

Jerry R. Wallace, Delgado, Acosta, Braden & Jones, El Paso, TX, for Defendants.

***ORDER DENYING DEFENDANTS' MOTION FOR APPROVAL OF FORM OF JUDGMENT AND ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF ARROW ELECTRONICS, INC.***

MARTINEZ, District Judge.

On this day, the Court considered (1) Defendants Hecmma, Inc. ("Hecmma"), Maya Electronic Systems, Inc. ("Maya"), Hector Fierro ("Fierro"), and Manuel Rivera's ("Rivera") (collectively "Defendants") "Motion for Approval of Form of Judgment and for Entry of Judgment Pursuant to Acceptance of Offer of Judgment" ("Motion for Approval of Form"), filed on April 28, 2005; (2) Plaintiff Arrow Electronics, Inc.'s ("Arrow") "Memorandum in Opposition to Defendants' Motion for Approval of Form of Judgment" ("Memorandum in Opposition") filed on May 9, 2005; and (3) Defendants' "Reply of Hecmma Inc. to Arrow Electronic, Inc.'s Response to Motion for Approval of Form of Judgment and for Entry of Judgment Pursuant to Acceptance of Offer of Judgment," filed on May 24, 2005, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendants' Motion for Approval of Form should be denied and that the Offer of Judgment should be enforced solely against Hecmma for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In this case the parties disagree about the meaning of an offer of judgment that was submitted by Hecmma and accepted by Arrow pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"). Arrow is engaged in the business of selling a variety of electronic products. Mem. in Supp. of Pl. Arrow Electronics, Inc.'s Mot. for Summ. J. ("Mem. in Supp. of Mot. for Summ. J."), at 2. Hecmma is engaged in the business of manufacturing disposable cellular telephones and other products. *Id.* Arrow alleges that Hecmma and Maya are "one and the same" entity, both of which are controlled by Fierro and Rivera as the sole shareholders, officers, and directors. Complaint, at ¶ 62—64, 69.

Beginning in March 2004 and continuing through May 2004, Hecmma ordered from Arrow, and Arrow supplied to Hecmma, various types of electronic products on credit. *Id.* at ¶ 10. Arrow thereafter submitted invoices to Hecmma seeking payment of $457,459.88 for electronic products purchased by Hecmma. Mem. in Supp. of Mot. for Summ. J., Ex. 1.

On October 14, 2004, Arrow filed a complaint against Hecmma based on various contractual theories, as well as based on negligent misrepresentation, fraudulent misrepresentation, and fraudulent transfer. Arrow's complaint also included claims against Maya, Fierro, and Rivera. On February 22, 2005, Arrow filed a motion for summary judgment against Hecmma.

On March 11, 2005, Hecmma filed an offer of judgment pursuant to Rule 68. Mot. for Approval of Form, Ex. C, Judgment, at 2. Seven days later, Arrow accepted Hecmma's Offer of Judgment. *Id.* at 2, ¶ 3. Arrow's motion for summary judgment against Hecmma remains pending.

After Arrow's acceptance of Hecmma's Offer of Judgment, Hecmma submitted a proposed judgment ("Form of Judgment") to Arrow, a judgment which incorporated a proposed finding by the Court that Arrow accepted Hecmma's Offer of Judgment to settle "all claims in this matter *as to all parties* in exchange for a judgment against Defendant, Hecmma, Inc., in the amount

of $503,205.86." *Id.*, Ex. C, Judgment, at 1 (emphasis added). Arrow refused to approve the Form of Judgment submitted by Hecmma. *Id.* at 3.

Hecmma now asks the Court to enforce the Form of Judgment, including the finding that the Offer of Judgment settles Arrow's claims against all of the defendants. Arrow asks the Court to rule that the Offer of Judgment was only intended to apply to Hecmma and to enforce the Offer of Judgment accordingly.

## II. DISCUSSION

The parties agree that Hecmma made an Offer of Judgment pursuant to Rule 68 and that Arrow accepted the Offer of Judgment. However, the parties disagree as to the proper interpretation of the Offer of Judgment. Defendants claim that the Offer of Judgment settles Arrow's claims against all of the defendants. Arrow claims that the Offer of Judgment only settles Arrow's claims against Hecmma, allowing Arrow to proceed with its claims against the other defendants.[1] The Court must determine (1) whether the Offer of Judgment is enforceable and (2) if found to be enforceable, the proper interpretation of the Offer of Judgment.

### A. Enforcing a Rule 68 Offer of Judgment

Rule 68 states that "any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." FED. R. CIV. P. 68(a). In order to be valid, the offer (1) must specify a definite sum for which judgment may be entered, (2) must be unconditional, and (3)

must include costs then accrued. *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir.1993). If the plaintiff accepts the offer, "either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment." *Id.* "The court generally has no discretion whether or not to enter the judgment." *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 (5th Cir.2004). "A Rule 68 Offer of Judgment is usually considered self-executing." *Id.*

■ In the instant case, the Offer of Judgment (1) specifies the amount of the judgment against Hecmma, (2) contains no conditions, and (3) includes costs accrued in litigation as part of the judgment against Hecmma. Additionally, the parties have submitted the Offer of Judgment, notice of Arrow's acceptance of the Offer of Judgment, and proof of service. Therefore, the Offer of Judgment is valid and enforceable pursuant to Rule 68, and the Court must enter judgment according to the terms of the Offer of Judgment.

### B. Interpreting the Offer of Judgment

■ In order to enforce a Rule 68 offer of judgment, a court must sometimes interpret its terms. *See, e.g., Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 454 (5th Cir.2003) (determining that a defendant's offer of judgment included attorney's fees). In interpreting Rule 68 offers of judgment, "[c]ourts apply general contract principles." *Id.* at 453; *see also Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir.1992) (stating that "[o]ffers of judgment pursuant to Fed.R.Civ.P. 68 are construed according to general contract principles"); *Mallory v. Eyrich*, 922 F.2d 1273,

---

1. In the alternative, Arrow asks the Court to rule that there was no "meeting of the minds," rendering the Offer of Judgment unenforceable.

1279 (6th Cir.1991) ("In cases construing Rule 68 judgments where the parties disagree as to what was intended, the courts apply contract principles").[2]

The majority of courts follow some form of the "plain meaning rule," which holds that a court will only rely on extrinsic evidence, such as parol evidence, to interpret a contract if it has first determined that the language of the contract is ambiguous. FARNSWORTH ON CONTRACTS § 7.12 (stating that "the overwhelming majority of courts retain some kind of plain meaning rule"); *see also Dell Computer Corp. v. Rodriguez*, 390 F.3d 377, 388 (5th Cir. 2004) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.1995)) (noting that a Court will only "admit extraneous evidence to determine the true meaning of an instrument" where it is "first determined to be ambiguous"); *Funeral Fin. Sys. v. United States*, 234 F.3d 1015, 1018 (7th Cir.2000) (declaring that it is a "federal common law" rule of contract interpretation that "if a contract is found to be unambiguous, then we are not to examine any extrinsic evidence"). Therefore, a court must make a preliminary determination of whether a contract is ambiguous before attempting to determine the true intent of the parties. *Goodheart Clothing Co.*, 962 F.2d at 272.

■ "Whether a contract is ambiguous is a question of law for the courts to decide by looking at the contract as a whole in light of the circumstances present at the time the contract was executed." *Dell Computer Corp.*, 390 F.3d at 388; *Good-*

---

**2.** The Court takes "general contract principles" to mean that it should rely on fundamental contractual principles that are generally accepted throughout American jurisdictions. To obtain these "general contract principles," courts often look to secondary sources such as the Restatement of Contracts and legal treatises. *See, e.g., Pope v. Lil Abner's Corp.*, 92 F.Supp.2d 1327, 1328 (S.D.Fla.2000) (citing both the Restatement of Contracts and Farnsworth on Contracts for the proposition that a counteroffer does not terminate the power to accept a Rule 68 offer of judgment); *Goodheart Clothing Co.*, 962 F.2d at 272 (quoting a treatise on contracts by Calamari and Perillo for the legal principle that "if a writing ... appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument"); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 94 (2d Cir.2004) (borrowing the definition of offer found in the Restatement of Contracts); *Lang v. Gates*, 36 F.3d 73, 74 (9th Cir.1994) (relying on the Restatement of Contracts to determine if an offer was proper); *Kirkland v. Sunrise Opportunities*, 200 F.R.D. 159, 163 (D.Me.2001) (noting that the Restatement of Contracts contains the principle that "neither a rejection nor a counteroffer terminates an irrevocable offer"). However, the application of general contract law arguably violates the Erie doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (declaring that "[t]here is no federal general common law"). In fact, at least one federal court has found it appropriate to apply the contract law of the forum state in interpreting a Rule 68 offer of judgment. *Kyreakakis v. Paternoster*, 732 F.Supp. 1287, 1290 n. 3 (D.N.J.1990) (applying New Jersey contract law to a Rule 68 offer of judgment entered into in New Jersey). Although the *Kyreakakis* court's approach seems to comport with Erie, this Court is bound by precedent to apply general contract principles. *Basha*, 336 F.3d at 453. However, if the Fifth Circuit deems it appropriate to apply the contract law of the forum state in interpreting Rule 68 offers of judgment, it would not affect this Court's interpretation of the Offer of Judgment in this case. The general contractual principles the Court applies do not significantly differ from contract law in Texas, whose law would most likely apply if the Court were to apply state contract law. *See* Memorandum in Opposition, at 6—10 (assuming that Texas law would apply to interpreting the Offer of Judgment).

*heart Clothing Co.,* 962 F.2d at 272—73 (stating while interpreting a Rule 68 offer of judgment that "interpretation of a contract generally is a question of law"). A contract is ambiguous only where the language of the contract may be given two or more reasonable interpretations. *See* FARNSWORTH ON CONTRACTS § 7.12(a) (commenting that "if the language in question is subject to two reasonable interpretations, it is ambiguous"); *Dell Computer Corp.,* 390 F.3d at 388 (quoting *Nat'l Union Fire Ins.,* 907 S.W.2d at 520) (stating that "[i]f a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous"); *Goodheart Clothing Co.,* 962 F.2d at 272 (stating that in interpreting a Rule 68 offer of judgment "contract language is ambiguous if it is reasonably susceptible of more than one interpretation, and a court makes this determination by reference to the contract alone"); *Funeral Fin. Sys.,* 234 F.3d at 1018 (applying as one of "the federal common law rules of contract interpretation" that "if a contract is not open to any other reasonable interpretations, and is therefore unambiguous, then the written words of the contract must dictate the disposition of a dispute involving that contract") (internal quotations omitted); *Flying J Inc. v. Comdata Network, Inc.,* 405 F.3d 821, 829 (10th Cir.2005) (noting that a contract is only ambiguous if "it supports more than one reasonable interpretation"). Courts should be particularly reluctant to find that a Rule 68 offer of judgment is ambiguous. *See Herrington,* 12 F.3d at 907 (noting that a court should not inject ambiguities into an offer for judgment when it is "clear on its face"); *Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 719 (N.D.Ill.1988) (noting that "Courts should be much more reluctant to conclude that an offer of judgment is ambiguous" than to conclude that a typical offer to contract is ambiguous because of the bind-

ing effect the refusal of an offer of judgment has on the offeree).

### 1. The Language of the Offer of Judgment

█ In the instant case, the Offer of Judgment states as follows, in relevant part:

> Come now the undersigned, Defendant, Hecmma, Inc. ("Hecmma") in the above-styled and numbered civil action, which is now before the Court on Plaintiff's Motion for Summary Judgment, and pursuant to Rule 68 of the Federal Rules of Civil Procedure make this offer of judgment against Defendant Hecmma in the amount of $503,205.86 ... which amount shall include any claim for attorney's fees awardable by statute, contract or otherwise and any claim for fees payable to the expert witnesses or other costs accrued to date that might be recoverable against any and all of the Defendants in this action under any theory of law.

> In the event of your failure to accept this offer, please be aware that should the Plaintiff recover a judgment, which is less favorable than this offer, Plaintiff shall not be entitled to any attorney's fees or costs from the date of this offer, and Defendants shall be entitled to recover as part of its costs, its attorney's fees, cost and expert witness fees from and after the date of this offer.

### 2. The Offer of Judgment has Only One "Plain Meaning" on its Face

The Court finds that the Offer of Judgment is unambiguous because it is susceptible to only one reasonable interpretation, an interpretation comprised of two key elements. First, the $503,205.86 judgment applies against Hecmma only. Second, the judgment *against Hecmma* includes all costs accrued by Arrow in litigating this

case, including: (1) any claims for attorney's fees; (2) any claims payable to expert witnesses; and (3) any other costs. In other words, the specified amount satisfies all of Arrow's claims against Hecmma, whether based on the damages giving rise to the suit or the costs accrued by Arrow in litigating the suit, a suit which happened to be brought simultaneously against several defendants.

The Offer of Judgment simply does not support the Defendants' interpretation that the Offer of Judgment disposes of all of Arrow's claims against all of the defendants. The phrase which mentions "any and all of the Defendants'" refers to a discrete and specific class of claims, namely, costs accrued *as a result of litigation,* such as attorney's fees and expenses paid to experts. However, the phrase which mentions "any and all of the Defendants" fails to make any reference to claims generally or to claims constituting damages.[3] Therefore, the Offer of Judgment is unambiguous on its face.

### 3. The Circumstances Surrounding the Offer of Judgment Support its Plain Meaning

In determining whether contract language is ambiguous, "a court may look at the circumstances surrounding the making of the contract...." FARNSWORTH ON CONTRACTS § 7.12(a); *see also Basha,* 336 F.3d at 454 (considering a letter exchanged between the parties one week before the Rule 68 offer of judgment was made in interpreting the offer). Because the Court has determined that the plain meaning of the Offer of Judgment applies only against Hecmma, it is Hecmma's burden to persuade the court that the circumstances surrounding the Offer of Judgment render it ambiguous. On the contrary, however, the circumstances surrounding the Offer of Judgment only bolster the Court's conclusion that the only reasonable interpretation of the Offer of Judgment is that it applies against Hecmma only.

First, Hecmma's attorney Jerry R. Wallace ("Wallace") signed the Offer of Judgment as "Attorney for Defendants Hecmma, Inc., and Maya Electronic Systems, Inc." Mot. for Approval of Form, Ex. A, Offer of Judgment, at 2. Based on this signature, Wallace was not acting as the attorney for Fierro and Rivera. Therefore, this raises doubt as to whether Wallace even had authority to bind all of the defendants to the Offer of Judgment. Furthermore, Defendants have not argued that Wallace had authority to bind all of the defendants. Thus, Wallace's signature supports the plain meaning of the Offer of Judgment.

Second, both parties agree that the Offer of Judgment was made in response to Arrow's motion for summary judgment against Hecmma only, a motion which is referenced in the Offer of Judgment.[4]

3. Additionally, the mention of "Defendants" in the second paragraph of the Offer of Judgment appears to be a grammatical error in light of the use of the singular "its" twice to refer to "Defendants." Furthermore, the second paragraph provides for a result which would occur if Arrow failed to accept Hecmma's Offer of Judgment, a contingency which did not in fact occur and which is not directly relevant to the issue of to which defendants the Offer of Judgment applies. Therefore, Hecmma's apparent grammatical error is insufficient to alter the Court's determination that the Offer of Judgment is unambiguous on its face.

4. Although Hecmma's admission that the Offer of Judgment came as a result of Arrow's motion for summary judgment is a fact that is, technically, extrinsic to the contract, the Court makes reference to it merely to determine if the Offer of Judgment is ambiguous, not to determine the actual intent of the parties. *See Dell Computer Corp.,* 390 F.3d at 388 (noting that a court may consider circumstances present at the time a contract is exe-

Hecmma agreed that it elected to file an offer of judgment when it realized that "it had relatively few defenses" in response to Arrow's motion against Hecmma. Mot. for Approval of Form, at 1, ¶ 2. Because the motion for summary judgment was the impetus for the Offer of Judgment, it is reasonable to conclude that the Offer of Judgment applies only to the parties involved in the underlying motion. This sequence of events supports the plain meaning of the Offer of Judgment.

Third, Rule 68 directs that an offer of judgment is to have two components: (1) a provision for a specific money, property, or effect to be taken against the defending party; and (2) a provision for "costs then accrued."[5] The Offer of Judgment in this case tracks the format suggested in Rule 68. First, the specific provision for money to be taken against the defending party is mentioned, the $503,205.86 to be taken against Hecmma. Second, the Offer of Judgment states that the money to be taken against Hecmma includes costs accrued by Arrow in litigation. Because

these are two distinct components required by Rule 68, the mention of "any and all of the Defendants" in the costs accrued component cannot be understood to automatically apply to the first component which indicates the amount of money to be taken against the defendant. Therefore, the structure of offers of judgment suggested by Rule 68 supports the plain meaning of the Offer of Judgment in this case.

Defendants have presented the Court with no evidence of circumstances which would lead it to question the plain meaning the Court has attached to the Offer of Judgment. Therefore, the circumstances surrounding the Offer of Judgment do not alter the Court's determination that the Offer of Judgment is unambiguous.

Because the Court finds that the Offer of Judgment is unambiguous, it is not required to examine extrinsic evidence.[6] Therefore, Arrow is entitled to have the Court enforce the Offer of Judgment against Hecmma only, in accordance with its plain meaning.

cuted to determine if it is ambiguous but may not consider extrinsic evidence, such as parol evidence, to determine the "true meaning of the instrument").

**5.** *See supra* note 4 (explaining the distinction between examining the circumstances surrounding the contract to determine if a contract is ambiguous and looking to extrinsic evidence to determine the parties' intent).

**6.** Although a few courts have been willing to consider extrinsic evidence in the absence of a finding of ambiguity, Defendants have presented no extrinsic evidence, such as parol evidence, which could cause the Court to question the plain meaning of the Offer of Judgment. *See* FARNSWORTH ON CONTRACTS § 7.12 (noting that although "the overwhelming majority of courts retain some kind of plain meaning rule," the Supreme Court of Alaska looks to extrinsic evidence in the first instance to determine the meaning of a contract). Additionally, the Court notes that if it

had determined that the Offer of Judgment was ambiguous, the Court would have construed it against the drafter, Hecmma, and would have reached the same result. REST. (SECOND) OF CONTRACTS § 206 ("In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds"); *see also Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir.1991) (stating that "[t]ypically, a settlement agreement is analyzed in the same manner as any contract, i.e., any ambiguities are construed against the drafter"); *Kirkland*, 200 F.R.D. at 163 (noting that "the prevailing trend is for courts to enforce an accepted offer of judgment against the defendant who drafted the offer"); *Shorter*, 678 F.Supp. at 719—20 (noting the difficult position a Rule 68 offeree has as compared with a garden variety offeree because "a Rule 68 offer has a binding effect when refused as well as when accepted").

## III. CONCLUSION

The parties have fulfilled the requirements of a valid offer of judgment according to Rule 68. Therefore, the Court is required to enter judgment in accordance with the terms of the Offer of Judgment.

Furthermore, the Court finds that the meaning of Hecmma's Offer of Judgment has only one reasonable interpretation. Therefore, the Court enforces the Offer of Judgment according to its plain meaning: (1) the judgment of $503,205.86 applies against Hecmma only and (2) the award against Hecmma includes any claims for attorney's fees, expert expenses, or other costs accrued by Arrow in litigating its claims. In short, the Offer of Judgment resolves all Arrow's claims of any kind against Hecmma, and Hecmma only.

Accordingly, **IT IS ORDERED** that Defendants' "Motion for Approval of Form of Judgment and for Entry of Judgment Pursuant to Acceptance of Offer of Judgment" (Docket No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Arrow and against Hecmma in accordance with the Offer of Judgment.