# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51068

MARGARET HOBBS; JOHN HOBBS,

Plaintiffs-Appellants,

v.

ALCOA INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas, Austin

Before KING, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

The Hobbs family (collectively, "the Hobbses") and Alcoa, Inc. ("Alcoa") entered into a settlement agreement in connection with a prior permit application proceeding. Two provisions of the settlement agreement are relevant on appeal. First, Alcoa agreed to grant the Hobbses a permanent easement across its land to a county road, and further agreed to bulldoze and blade the easement, build a gate where the easement joined the county road, and place a cattle guard at the gate. Second, Alcoa agreed to "use its best efforts" to acquire an adjacent tract of land from the City Public Services ("CPS") of San Antonio within the year and, if it could obtain it, to convey that property ("the CPS tract") to the Hobbses. The settlement agreement specifically provided, however, that the CPS tract was to be acquired "upon terms and conditions satisfactory to Alcoa in its sole and absolute discretion . . . ." The settlement agreement

also contained an integration clause, which stated: "This Agreement constitutes the entire agreement between Alcoa and the Hobbs [sic] and supersedes any prior understanding or oral or written agreements between Alcoa and the Hobbs [sic] respecting the subject matter of this agreement."

The magistrate judge granted summary judgment for Alcoa on the fraud claim, and granted judgment for Alcoa on two breach of contract claims. The jury returned a verdict in the Hobbses' favor on three breach of contract claims, and awarded them $34,359. The magistrate judge awarded the Hobbses $37,000 in fees and $917.47 in costs. The magistrate judge awarded Alcoa $14,247.88 in taxation of costs under FED. R. CIV. P. 68 because the Hobbses' recovery was less than Alcoa's earlier settlement offer of $80,000.

On appeal, the Hobbses make four arguments. First, they challenge the magistrate judge's grant of summary judgment for Alcoa on their fraud claim. Second, the Hobbses challenge the magistrate judge's decision, post-verdict, to order Alcoa to provide a new easement agreement rather than order Alcoa to convey a permanent easement outright by way of specific performance. Third, the Hobbses challenge the magistrate judge's award of $14,247.88 in taxation of costs under Rule 68. They argue that the court improperly applied Rule 68, primarily because the court did not assign any value to the permanent easement. Finally, the Hobbses argue that the lower court abused its discretion in its award of attorneys' fees.

## I.  SUMMARY JUDGMENT ON THE FRAUD CLAIM

This Court reviews de novo the magistrate judge's grant of summary judgment to Alcoa on the Hobbses' fraud claim. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

The Hobbses argue that Alcoa misrepresented the likelihood of acquiring the CPS tract, thereby fraudulently inducing them to agree to the "sole and absolute

discretion" language in the settlement agreement. This argument fails, however, because any alleged misrepresentation is barred by the settlement agreement's integration clause. See Armstrong v. Am. Home Shield Corp., 333 F.3d 566, 571 (5th Cir. 2003) (holding that an integration clause stating that it "supercede[d] all existing agreements" served to bar a previous representation); U.S. Quest Ltd. v. Kimmons, 228 F.3d 399, 403 (5th Cir. 2000) (holding that an integration clause superceding all prior "agreements, communications or understandings" was a valid disclaimer of reliance upon representations). The integration clause prevents the Hobbses from establishing justifiable reliance, a required element of a fraudulent inducement claim.[1] Therefore, the magistrate judge's grant of summary judgment for Alcoa is affirmed.

## II. EASEMENT AGREEMENT

The Hobbses argue that the magistrate judge erred in ordering Alcoa to produce and sign a new easement agreement rather than forcing Alcoa to convey a permanent easement. We find that the Hobbses have waived this claim because they failed to object to the substance of the jury instructions or the verdict form. The magistrate judge found that the problem with the easement was the presence of a termination clause, and the Hobbses never indicated otherwise. The magistrate judge's order, that the old agreement be redrafted without the termination clause but otherwise intact, addressed these concerns. The Hobbses fail to indicate where in the record they objected to this framing of the issue. Therefore, their second claim is waived.

## III. RULE 68 VALUATION

FED. R. CIV. P. 68 provides that a defendant may present a plaintiff with an offer of judgment against the defendant "for the money or property or to the effect specified in the offer." If the plaintiff rejects that offer, and the judgment later obtained by the

---

[1] The Hobbses also argue that Alcoa falsely promised to use their "best efforts" to secure a deal with CPS. However, Alcoa's inability to finalize a deal with CPS does not prove fraudulent intent from the onset of negotiations. Rather, there is ample evidence in the record to demonstrate that Alcoa negotiated with CPS in good faith regarding the relevant parcels of land.

plaintiff is not more favorable than the offer, "the offeree must pay the costs incurred after the making of the offer." Id. There is no dispute here that Alcoa made an offer of $80,000 to the Hobbses, which was rejected, and the Hobbses later won a judgment of $34,359.

This Court reviews de novo any legal interpretations of Rule 68. Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 453 (5th Cir. 2003). Any factual findings concerning the circumstances under which Rule 68 offers are made are reviewed for clear error. Id. Here, the Hobbses dispute the finding that the termination clause's monetary value was de minimis. They argue that the value of the equitable relief (the rescission of the termination clause in the original easement) greatly enhances the jury's award, such that the combined award exceeds $80,000 in value. In response, Alcoa suggests that a per se rule should apply whereby equitable relief will not be assigned any monetary value for Rule 68 purposes. Because we envision that in certain circumstances such a blanket rule could lead to inequitable results, we reject such a per se rule. Nevertheless, under the facts and circumstances presented here, we find that the magistrate judge was not clearly erroneous in finding that the valuation of the termination clause was de minimis. Therefore, we affirm the magistrate judge's Rule 68 calculations.

## IV. HOBBSES' ATTORNEYS' FEES

The Hobbses' fourth claim, that the magistrate judge erred in calculating and awarding their attorneys' fees, is reviewed for abuse of discretion. Texas Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc., 907 F.2d 1571, 1575 (5th Cir. 1990) ("An award of attorney's fees is entrusted to the sound discretion of the trial court.") (citation omitted). The magistrate judge granted the Hobbses attorneys' fees of $37,000. They dispute this finding and request over $140,000 in attorneys' fees.

In diversity cases such as this one, state law governs the award of attorneys' fees. Id. The magistrate judge's determination is reasonable in light of the jury verdict of $34,359, in which the Hobbses were unsuccessful on four breach of contract claims and five non-contract claims. The magistrate judge reasonably concluded that

the unsuccessful claims were not sufficiently intertwined with successful claims to merit an award of attorneys' fees. Stewart Title Guar. Co. v. Aiello, 941 S.W.2d 68, 73 (Tex. 1997). Therefore, the magistrate judge's award of attorneys' fees is affirmed.

## V. CONCLUSION

In light of the foregoing, the decision of the magistrate judge is AFFIRMED in all respects.