IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

Charles R. Fulbruge III
Clerk

No. 07-20526
Summary Calendar

LEXINGTON INSURANCE COMPANY

Plaintiff - Appellee

v.

AUTOBUSES LUCANO INC; OFELIA MARTINEZ

Defendants - Appellants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AUTOBUSES LUCANO INC

Plaintiff - Appellant

v.

LEXINGTON INSURANCE COMPANY;
NATIONAL FIRE & MARINE INSURANCE COMPANY

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1113
USDC No. 4:06-CV-2801

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The principal issue in this liability insurance coverage dispute is whether appellant Autobuses Lucano, Inc. is an insured under the primary and excess policies issued by the appellee insurers, thereby requiring the insurers to defend and indemnify Autobuses.  Reviewing the district court's grant of summary judgment in favor of the insurers de novo, Hobbs v. Alcoa, Inc., 501 F.3d 395, 397 (5th Cir. 2007), we affirm for the following reasons.

1.   The insurers' duty to defend is governed by Texas state law, which requires the court to examine only the "eight corners" of the underlying pleadings and the plain language of the insurance policies.  Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 350 (5th Cir. 2005).

2.   Appellant Martinez argues that the relevant policies and schedules read as a whole show that Autobuses is an insured.[1]  She urges that Autobuses is an insured because the bus that it leased to Ronald Drummer is listed as a "covered auto."  The policy states that the insurers are liable for damages that "an insured" legally must pay, and it lists only "Ronald Drummer DBA Tres Amigos Tours" as the named insured.  Although the "Additional Insured–Lessor" endorsement modifies the "who is an insured" provision to include "the lessor named in the Schedule or in the Declarations," the district court correctly observed that Autobuses is not named in any schedule or declaration.  The lessor endorsement names as an additional insured only MCI/Canadian Imperial Bank of Commerce.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Martinez apparently claims an interest in this matter as a judgment creditor.  We assume that she is a proper appellant with standing to raise this argument.

Therefore, the plain language of the policy shows that Autobuses is not an insured.

3. Martinez next argues that Autobuses is an insured because a certificate of insurance states that Autobuses is "listed as an Additional Insured see schedule attached." No schedule was attached to this certificate, which specifically provided that it "confer[red] no rights" and did not "amend, extend or alter the coverage afforded by the policies." In light of this language, Texas law provides that the certificate of insurance does not supersede the plain language of the insurance policy. See TIG Ins. Co. v. Sedgwick James of Washington, 184 F. Supp. 2d 591, 597 (S.D. Tex. 2001). Furthermore, we find no ambiguity in the policy language or in the absence of Autobuses as a named insured under the policy, and we note that extrinsic evidence may not be used to create an ambiguity. See Valmont Energy Steel, Inc. v. Commercial Union Ins. Co., 359 F.3d 770, 773–74 (5th Cir. 2004). Because the district court correctly determined that Autobuses is not an insured under the relevant policy language, it correctly held that the insurers have no duty to defend or indemnify.

4. Martinez also argues that the insurers are estopped from denying coverage because they assumed the defense of both Drummer and Autobuses without obtaining a reservation of rights or a non-waiver agreement. See Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Kitty Hawk Airways, Inc., 964 F.2d 478, 480–81 (5th Cir. 1992). The record shows that the insurers undertook a defense of Drummer, but Martinez points to no evidence that they also assumed the defense of Autobuses. In a letter to Autobuses' counsel National Fire denied that Autobuses was an insured and declined to defend. Martinez

cites only to an opinion letter from an expert stating that both insurers assumed Autobuses' defense. This conclusory letter is insufficient to avoid summary judgment. See In re Segerstrom, 247 F.3d 218, 227 (5th Cir. 2001) (holding that conclusory statements in expert's affidavit were unsupported by evidence and failed to create a genuine issue of material fact).

AFFIRMED.