# United States Court of Appeals
## For the First Circuit

No. 13-1487

WALESKA GARAYALDE-RIJOS,

Plaintiff, Appellant,

v.

MUNICIPALITY OF CAROLINA; JOSÉ APONTE-DALMAU, Mayor of the
Municipality of Carolina,

Defendants, Appellees,

GERMÁN SANTIAGO-SERPA; JUAN ORTIZ-CRESPO;
NYDIA R. TALAVERA-FORTY, Auxiliar Director of Human Resources
Department; MABEL LÓPEZ,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Selya, Circuit Judges.

Juan M. Frontera Suau for appellant.
Jorge Martínez-Luciano, with whom Pedro E. Ortiz-Álvarez, LLC
was on brief, for appellee Municipality of Carolina.
Rosa Elena Pérez-Agosto, Assistant Solicitor General, with
whom Margarita Mercado-Echegaray, Solicitor General, was on brief,
for appellee José Aponte-Dalmau.

March 28, 2014

**LYNCH, <u>Chief Judge</u>**.  The district court granted a motion to dismiss the Title VII and state law claims of a woman who aspired to be a municipal firefighter.  She has appealed.

Waleska Garayalde-Rijos sued the Municipality of Carolina (Carolina) and José Aponte-Dalmau, the Mayor of Carolina (Mayor), in September 2011, alleging that Carolina had refused to hire her as a firefighter for several vacancies because of her gender, although she was allegedly the most qualified candidate.  Carolina eventually did hire Garayalde-Rijos as a firefighter after it had already hired allegedly less qualified males and only after the Equal Employment Opportunity Commission (EEOC) concluded that Carolina had discriminated against Garayalde-Rijos in its hiring process.  Garayalde-Rijos asserted that Carolina continued to discriminate against her on the job and retaliated against her for her pre-hire complaint of sex discrimination to the EEOC.

Garayalde-Rijos's complaint brought sex discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 <u>et seq.</u>, as well pendent state law claims, based on the defendants' pre- and post-hire conduct.  We conclude the district court's dismissal of Garayalde-Rijos's complaint under Fed. R. Civ. P. 12(b)(6) was based on at least three errors of law: (1) use of the prima facie case, an evidentiary standard, as a pleading requirement; (2) dismissal of plaintiff's retaliation claim based solely on its incorrect

-3-

temporal analysis of causation at the motion-to-dismiss stage; and (3) sua sponte dismissal of certain claims without any notice to the parties.  As a result, we reverse in part and dismiss the appeal as to those claims Garayalde-Rijos has waived.  We remand for further proceedings.

## I.

We recite the facts from Garayalde-Rijos's amended complaint, taking her factual allegations as true and drawing reasonable inferences in her favor.  Hammond v. Kmart Corp., 733 F.3d 360, 361 (1st Cir. 2013).

A.          Pre-Hire Discrimination and EEOC Complaint

On November 16, 2009,[1] Carolina announced eight firefighter position vacancies.  Garayalde-Rijos applied in November 2009.  She also sent the Mayor a letter on November 16 stating her skills and asking to be considered for the position. The Mayor has final authority on all hiring decisions in Carolina.

In January 2010, Garayalde-Rijos received a phone call from one of Carolina's employees asking her to attend a physical fitness test.  The test consisted of exercises, including weightlifting, pushups, a 100-meter run, climbing stairs, and moving in confined spaces while wearing firefighter gear and

---

[1]  The complaint states that Carolina announced the vacancies in November 2010, not November 2009.  We assume this was a typographical error, as did the district court, given the timeline that follows.

-4-

carrying a fire hose.  Garayalde-Rijos was the only woman among the twenty-eight candidates that took the fitness test.  After the "rescue truck stair[] climbing test," other candidates congratulated Garayalde-Rijos on her good performance.

In February 2010, Garayalde-Rijos was asked to take a second physical fitness test that consisted of a simulated fire in a confined space during which candidates had to help a trapped victim.  Again, Garayalde-Rijos was the only woman.

On March 4, 2010, the Director of Carolina's Human Resources Department, Nydia Talavera, sent Garayalde-Rijos a letter saying that she had been included in the "Register of Eligible[s] for the Carolina Firefighter position" with a test score of 80. The score was based on academic preparation, performance on physical tests, and past experience.  The letter asked her to attend an interview on March 11, 2010.

At this point in the application process, the applicant pool had been reduced to sixteen from the original twenty-eight. Garayalde-Rijos was the only woman, and she had the highest test score of all of the applicants.

Germán Santiago Serpa, the Director of the Carolina Municipal Firefighter Brigade, interviewed Garayalde-Rijos on March 11.  Santiago knew Garayalde-Rijos from her previous job in the

Commonwealth of Puerto Rico Fire Department.[2] He warned her that the firefighter position is a "24/7" job and said that he knew that she had a child. He asked her how she was going to deal with child care. Juan Ortiz Crespo, the Security Manager for Carolina, also interviewed Garayalde-Rijos. He asked her whom she lived with, if she lived in Carolina, and if her parents lived in Carolina.

Garayalde-Rijos followed up on her application but got no response for several months after her March 2010 interview. In June 2010, she went to Carolina's Human Resources Department and was told that Carolina had not yet hired anyone to fill the firefighter vacancies.

On June 28, 2010, Garayalde-Rijos sent a second letter to the Mayor stating her credentials (including her score of 80), saying that "she [would] be honored to be the first woman" firefighter in Carolina, and asking that she not be discriminated against based on her gender.

In July 2010, Garayalde-Rijos followed-up again, this time visiting the Carolina Municipal Fire Station directly. There she learned that three male candidates had in fact been hired as firefighters.

On August 17, 2010, Garayalde-Rijos sent a third letter to the Mayor asking why she had not been informed about the status

_____

[2] The complaint does not state whether Garayalde-Rijos worked as a firefighter at the Commonwealth of Puerto Rico Fire Department.

of her application and reaffirming her interest in the firefighter position.

Garayalde-Rijos alleges she was the only woman who applied for a firefighter position and she met all the job qualifications, yet male candidates with lower test scores were hired instead of her. As a result, she consulted with the Women Defender's Office in Puerto Rico and sent Carolina and the Mayor notice of her gender discrimination claim on October 27, 2010.

On November 1, 2010, Garayalde-Rijos filed a charge of gender discrimination with the EEOC based on Carolina's refusal to hire her. On December 2, 2010, Carolina denied Garayalde-Rijos's claim of sex discrimination. At this point, Carolina had only one of the eight firefighter vacancies left unfilled. Men, allegedly less qualified, had been hired for the first seven positions.

The EEOC later sought documents from Carolina, and Carolina complied with the request on January 31, 2011. After its investigation, the EEOC issued a "Letter of Determination" on February 16, 2011, which Garayalde-Rijos attached to the complaint. In that letter, the EEOC concluded that "[e]vidence obtained does establish a violation [for gender discrimination] under Title VII." The letter explained: "[Garayalde-Rijos] met all qualification criteria for the [firefighter] position, yet was denied employment. Comparatively, male candidates for the position with lower test scores and qualifications than [Garayalde-Rijos] were hired." The

EEOC sought to end Carolina's "unlawful practices by informal methods of conciliation," attaching a Conciliation Proposal to its Letter of Determination.

On February 24, 2011, Carolina objected to the EEOC's determination. Nonetheless, a month later, during the week of March 21, 2011, it offered Garayalde-Rijos the last available firefighter position. Garayalde-Rijos started work as a firefighter on April 1, 2011.

B.        Post-Hire Discrimination and Retaliation

Garayalde-Rijos alleged she was subjected to discrimination and retaliation after she was hired because she was treated differently than her male colleagues. The male firefighters all had appropriately-sized uniforms and bunkers[3] that Carolina had purchased for them. In contrast, Garayalde-Rijos was forced to share with a male firefighter a uniform and bunker that were too big for her; the uniform was tailored to his measurements, and the poor fit compromised her safety.

In addition, she alleged "[o]ther discriminatory and retaliat[ory] treatment . . . related to trainings, on the job assigned duties and comments pertaining to her filing of the EEOC charge and the present Complaint." This treatment occurred "with the blessing of [the Mayor]."

---

[3]  "Bunker" gear refers to firefighters' protective clothing.

II.

Garayalde-Rijos sued Carolina, the Mayor, and some of Carolina's employees for sex discrimination, retaliation, and negligence on September 26, 2011, within ninety days of having received a right to sue letter on June 29, 2011. She amended the complaint on March 6, 2012, voluntarily dismissing her claims against all named defendants other than Carolina and the Mayor, as well as the state law negligence claim.

The amended complaint asserted sex discrimination claims under Title VII, 42 U.S.C. § 2000e-2, and Puerto Rico law, P.R. Laws Ann. tit. 29, §§ 146, 1321, based on Carolina's and the Mayor's refusal to hire Garayalde-Rijos and their discriminatory treatment of her after she was hired. She also alleged that the defendants' post-hire conduct constituted unlawful retaliation for her EEOC complaint challenging Carolina's hiring process, in violation of Title VII, 42 U.S.C. § 2000e-3, and "Puerto Rico Law 115," P.R. Laws Ann. tit. 29, § 194a. Garayalde-Rijos alleged she has suffered a loss of salary and benefits, as well as other damages, due to Carolina and the Mayor's actions.

The Mayor filed a motion to dismiss the claims against him under Fed. R. Civ. P. 12(b)(6) on March 6, 2012, which Garayalde-Rijos never opposed. On August 30, 2012, the magistrate judge recommended dismissing with prejudice all of Garayalde-Rijos's claims against the Mayor in a Report & Recommendation (R &

R). The R & R alerted Garayalde-Rijos that she had 14 days to object to it under Fed. R. Civ. P. 72(b)(2) and the District of Puerto Rico's Local Rule 72(d), but Garayalde-Rijos did not file an objection.

Carolina had also filed a motion to dismiss on November 2, 2011, which Garayalde-Rijos opposed on November 18, 2011. Because Carolina's motion to dismiss was pending when Garayalde-Rijos later amended her complaint on March 6, 2012, Carolina submitted a memo on March 6, which explained that it sought to dismiss only the post-hire Title VII discrimination claims and analogous state law discrimination claim (Puerto Rico's "Law 100," P.R. Laws Ann. tit. 29, § 146) against it. Carolina did not seek dismissal of Garayalde-Rijos's pre-hire sex discrimination claims. The memo did not say that Carolina sought dismissal of the post-hire retaliation claim, but the magistrate judge treated it as doing so.

On August 30, 2012, the magistrate judge issued a second R & R, which recommended granting Carolina's motion to dismiss the post-hire Title VII claims and Puerto Rico Law 100 claim. The magistrate judge concluded that Garayalde-Rijos did not exhaust administrative remedies before filing a Title VII discrimination claim based on Carolina's post-hire conduct because the EEOC complaint was filed before she was hired and addressed only her failure-to-hire theory of liability. He recommended dismissal of

-10-

her state law employment discrimination claim because Puerto Rico's Law 100 does not apply to municipalities, such as Carolina.

The magistrate judge also recommended dismissal of Garayalde-Rijos's Title VII retaliation claim because she had not sufficiently alleged a prima facie case of retaliation. In so concluding, the magistrate judge erroneously required Garayalde-Rijos's pleadings to establish a prima facie case at the motion-to-dismiss stage. See Rodríguez-Reyes v. Molina-Rodríquez, 711 F.3d 49, 51 (1st Cir. 2013) ("The prima facie case is an evidentiary model, not a pleading standard.").

Garayalde-Rijos objected to the R & R's analysis of the sufficiency of her pleadings as to her Title VII retaliation claim. However, she did not object to the magistrate judge's recommended dismissal of her post-hire Title VII discrimination claim for lack of exhaustion.

On September 25, 2012, the district court adopted the magistrate judge's findings and recommendations as to both Carolina and the Mayor, granting the defendants' motions to dismiss. The court noted that Garayalde-Rijos's failure to object to the R & R recommending dismissal of her complaint against the Mayor "waived the right to further review of that R & R in the district court" under Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).

The district court also sua sponte dismissed plaintiff's entire complaint against Carolina, including her pre-hire

-11-

discrimination claims.  It did so without explanation or notice to the parties even though neither Carolina's motion to dismiss nor the magistrate judge's corresponding R & R encompassed these pre-hire claims.

On October 4, 2012, Garayalde-Rijos moved for reconsideration, asking the district court to reinstate the claims against Carolina that it had sua sponte dismissed.  (These included claims under "Law 69 [and] Law 115," Puerto Rico's sex-based employment discrimination and workplace retaliation statutes, respectively, and a Title VII failure-to-hire claim.)  She also sought reconsideration of the dismissal of her Title VII retaliation claim against Carolina.  The district court denied Garayalde-Rijos's motion in a text order on February 25, 2013.  This appeal followed.

III.

Garayalde-Rijos has waived review of several claims on appeal.  We briefly address the scope of the waiver before turning to those issues that have been preserved.

A.    <u>Waiver of Claims Against the Mayor and Post-Hire Discrimination Claims</u>

On appeal, Garayalde-Rijos challenges the dismissal of her pre-hire discrimination claims against the Mayor.  However, Garayalde-Rijos never objected to the R & R addressing those claims, which the district court adopted.  That R & R did not distinguish between her pre- and post-hire discrimination claims

-12-

and recommended dismissing <u>all</u> of her claims against the Mayor.[4] It also notified plaintiff that a failure to object risked waiver. Because Garayalde-Rijos was given adequate notice, her "failure to assert a specific objection to [the R & R] [has] irretrievably waive[d] any right to review by the district court and th[is] court of appeals."[5] <u>Cortés-Rivera</u> v. <u>Dep't of Corr. & Rehab. of P.R.</u>, 626 F.3d 21, 27 (1st Cir. 2010) (quoting <u>Santiago</u> v. <u>Canon U.S.A., Inc.</u>, 138 F.3d 1, 4 (1st Cir. 1998)) (internal quotation mark omitted).

Similarly, Garayalde-Rijos's failure to object specifically to the magistrate judge's recommendation that her <u>post-hire</u> Title VII discrimination claim against Carolina be dismissed for lack of exhaustion of administrative remedies waives her right to this court's review of that claim. In fact, the

---

[4] The magistrate judge recommended dismissing the Title VII claims against the Mayor because the federal statute does not impose liability on individuals.

As to Garayalde-Rijos's state law claims, the magistrate judge concluded that Puerto Rico law imposes individual liability only on supervisors who directly and personally commit the alleged acts of discrimination and retaliation. He reasoned that Garayalde-Rijos's allegations failed to state a claim of discrimination against the Mayor because they said only that her letters to the Mayor regarding her application went unanswered. He also found the claim that the post-hiring discriminatory and retaliatory conduct had occurred "with the blessing of [the Mayor]" was "merely conclusory" and so was insufficient to state a plausible claim.

[5] At oral argument, Garayalde-Rijos's attorney conceded that her arguments against the Mayor are waived if the R & R addressed all of the claims against the Mayor, which it did.

absence of any developed argument on appeal as to this discrimination claim constitutes double default. Cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).[6]  However, we note that the same factual allegations that form the basis of Garayalde-Rijos's post-hire discrimination claim also support her retaliation claim; her waiver as to the former in no way restricts our review of the latter.[7]

We address below Garayalde-Rijos's arguments concerning the dismissal of the pre-hire discrimination claims and post-hire retaliation claims against Carolina.

B.        The District Court's Sua Sponte Dismissal of Garayalde-Rijos's Complaint

We review de novo a district court's dismissal of a complaint for failure to state a claim. García-Catalán v. United States, 734 F.3d 100, 102 (1st Cir. 2013).

Here, the district court sua sponte dismissed Garayalde-Rijos's entire complaint in one sentence although Carolina did not seek that relief and had moved to dismiss only a subset of the

_____

[6]  We do not understand Garayalde-Rijos to challenge the dismissal of her Puerto Rico Law 100 employment discrimination claim against Carolina given that her brief makes no arguments nor requests any relief on this ground.  In any event, we deem this claim waived.

[7]  The R & R correctly stated that a separate retaliation claim need not be filed with the EEOC to exhaust administrative remedies.  Clockedile v. N.H. Dep't of Corr., 245 F.3d 1, 6 (1st Cir. 2001) ("[Title VII] retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency . . . .").

-14-

claims asserted against it.  Nor did the R & R, which the district court adopted, address the pre-hire discrimination claims (under Title VII and Puerto Rico Law 69) and retaliation claim (Puerto Rico Law 115) that Carolina had not moved to dismiss.  The district court later denied Garayalde-Rijos's request that it reinstate these claims.  The sua sponte dismissal of these claims, without explanation or notice, was error.

"Sua sponte dismissals are strong medicine, and should be dispensed sparingly."  Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (quoting Gonzales-Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir. 2001)) (internal quotation marks omitted).  The general rule is that sua sponte dismissals of complaints under Rule 12(b)(6) are "erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond."  Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 14 (1st Cir. 1998).  Only where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile" can a sua sponte Rule 12(b)(6) dismissal stand.  Chute, 281 F.3d at 319 (quoting Gonzales-Gonzalez, 257 F.3d at 37) (internal quotation mark omitted).  "The party defending the dismissal must show that 'the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption.'"  Id. (quoting Gonzalez-Gonzalez, 257 F.3d at 37).

Carolina has not attempted to meet this burden, nor could it. See id. at 319-20 (reversing district court's cursory, sua sponte dismissal of plaintiff's complaint for failure to state a claim without giving the parties an opportunity to respond); Futura Dev. of P.R., Inc., 144 F.3d at 14 (same).

In addition, we reject Carolina's request that we affirm the district court's dismissal of plaintiff's failure-to-hire Title VII claim on the asserted alternate grounds that the claim will fail on remand. Carolina argues that Garayalde-Rijos will not be able to prove discrimination in its hiring process because she was in fact hired for one of eight positions to which she applied. Carolina contends that at most Garayalde-Rijos complains of a delay in hiring, and Title VII does not entitle her to get hired in any particular order.

Carolina's argument ignores that this case is on appeal at the motion-to-dismiss stage. Plaintiff must allege only "sufficient factual matter to state a claim to relief that is plausible on its face." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (quoting Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012)) (internal quotation mark omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The claims asserted plainly meet the plausibility standard. Title VII makes it unlawful for an employer to "fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1) (emphases added). It is not difficult to infer reasonably from her factual allegations that the reason Carolina failed to hire Garayalde-Rijos for any of the first seven vacancies was her gender. The fact that Garayalde-Rijos was eventually hired does not mean there was not unlawful discrimination in the hiring decisions for the first seven firefighter positions.

Here, Garayalde-Rijos alleged she was the only woman to apply for the firefighter positions and she had the highest score of all of the applicants based on Carolina's evaluation of their "academic preparation, experience, and [performance on] physical tests." Although Garayalde-Rijos alleges she was the most qualified candidate, Carolina filled the first seven vacancies with male candidates between June/July and December of 2010. In contrast, Carolina did not offer Garayalde-Rijos a position until the last week of March 2011 and only after the EEOC, an independent body, reviewed these facts and concluded that Carolina had discriminated against Garayalde-Rijos in its hiring process. During the lengthy, eight-month delay before Garayalde-Rijos was

-17-

hired, she was denied salary and other valuable employment benefits that allegedly less qualified candidates were receiving.

Given these factual allegations, it is reasonable to infer that Carolina refused to hire Garayalde-Rijos (seven times) because she was a woman, even though she was the most qualified candidate, and that Carolina hired Garayalde-Rijos months later only because of the adverse EEOC determination. These allegations state a plausible claim of sex discrimination under Title VII, including for damages based on Garayalde-Rijos's claim that she would have been hired months earlier absent any discrimination.

C.      The District Court's Dismissal of Garayalde-Rijos's Title VII Retaliation Claim for Failure to State a Claim

Title VII bars employers from retaliating against an applicant or employee because she "has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in protected conduct; (2) she suffered an adverse employment action; and (3) that a "causal nexus exists between the protected [conduct] and the adverse action." Ponte v. Steelcase Inc., 741 F.3d 310, 321 (1st Cir. 2014); id. (noting that plaintiff must prove but-for causation (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013))).

The district court concluded that Garayalde-Rijos's complaint failed to state a claim of retaliation because she had not sufficiently alleged a prima facie case. The court determined that she had adequately pleaded the first two prongs given allegations that she: (1) had filed an EEOC complaint alleging sex discrimination; and (2) suffered a material harm after she was hired as the only firefighter denied a protective uniform and bunker that were tailored to her measurements and so safe. The court held that her "retaliation claim fails at the last prong, however, because she has not sufficiently alleged a causal connection between her protected conduct and the adverse employment action." The district court made at least three errors.

First, the district court faulted Garayalde-Rijos for not stating specific facts that "connect" the alleged mistreatment after she was hired to the filing of her EEOC complaint. In so doing, the district court treated the prima facie case, "a flexible evidentiary standard," as a "rigid pleading standard," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), requiring Garayalde-Rijos to establish each prong of the prima facie case to survive a motion to dismiss. This was an error of law.

We have explicitly held that plaintiffs need not plead facts in the complaint that establish a prima facie case under Title VII nor must they "allege every fact necessary to win at trial." Rodríguez-Vives v. P.R. Firefighters Corps of P.R., ___

F.3d ___, 2014 WL 593673, at *3 (1st Cir. Feb. 18, 2014) (reversing Rule 12(b)(6) dismissal of female firefighter's Title VII retaliation claim); Rodríguez-Reyes, 711 F.3d at 54. The plausibility standard governs on a motion to dismiss. So, "[n]o single allegation need [establish] . . . some necessary element [of the cause of action], provided that, in sum, the allegations of the complaint make the claim as a whole at least plausible." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14-15 (1st Cir. 2011).

The district court also erred when it found Garayalde-Rijos's pleadings inadequate due to its view that alleged causation for retaliation must be deemed implausible based solely on a five-month period between the protected conduct and adverse employment action. Specifically, the court concluded that Garayalde-Rijos could not rely on "temporal proximity" to "establish causation" because the five-month gap between the November 1, 2010 filing of the EEOC complaint and April 1, 2011, when the alleged post-hire retaliation started, was too long. However, "temporal proximity" is merely one factor relevant to causation and usually only later in the proceedings, for example at summary judgment.[8] See, e.g.,

---

[8] The parties have directed us to no case dismissing a Title VII retaliation claim under Rule 12(b)(6) utilizing only a temporal analysis to defeat causation allegations. Once a complaint has alleged enough facts that retaliation for protected conduct is plausible, the plaintiff is entitled to proceed to discovery. Rodríguez-Vives, 2014 WL 593673, at *6. And discovery might unearth evidence of retaliation such that at summary judgment or trial, the plaintiff will not have to rely heavily on the "temporal proximity" between protected conduct and adverse actions to prove

-20-

Trainor v. HEI Hospitality, LLC, 699 F.3d 19, 28 (1st Cir. 2012) (treating "temporal proximity" between adverse employment action and protected conduct as just one factor, "reinforced by other evidence," that supported a jury verdict of retaliation); Sánchez-Rodríguez v. AT&T Mobility P.R., Inc., 673 F.3d 1, 15 (1st Cir. 2012) (noting that evidence of close "temporal proximity" can help establish causation prong of prima facie case at summary judgment); Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004) (same).[9] We do not rule out that some pleadings may allege a temporal gap so attenuated as not to meet the plausibility standard for surviving motions to dismiss, but this case is a far cry from that.

Beyond that, the temporal analysis here is flawed. The court's rote evaluation of the time lag failed to read Garayalde-Rijos's complaint holistically and ignored relevant context. See Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (explaining that the complaint should be read in its entirety and "not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). In fact, the post-hire adverse

her case. See Swierkiewicz, 534 U.S. at 511-12.

[9] The cases on which the district court's temporal analysis of causation relied were on appeal from a grant of summary judgment, not a Rule 12(b)(6) dismissal. See Calero-Cerezo, 355 F.3d 6. In addition, all of the cases that Carolina cites to support the district court's temporal analysis involve summary judgment, not motions to dismiss.

treatment occurred only weeks after the EEOC finding and the decision to hire her.

A more common-sense, plausible reading of Garayalde-Rijos's complaint is that the post-hire mistreatment was in retaliation for Garayalde-Rijos's pre-hire EEOC complaint of sex discrimination. Garayalde-Rijos alleged facts that suggest: (1) Carolina reluctantly hired her only after the EEOC had determined that Garayalde-Rijos's complaint of sex discrimination was likely meritorious; and (2) as soon as Garayalde-Rijos started working, Carolina treated her unequally compared to her male counterparts and in a way that risked her safety. The district court erred in ignoring Garayalde-Rijos's allegations of pre-hire discrimination, which set the stage for the plausibility of her post-hire retaliation claim. Indeed, since the hiring date was in the control of Carolina, the district court's analysis threatens to reward defendants who continue to practice discrimination in hiring and then engage in post-hiring retaliation.

IV.

We reverse the dismissal of the claims against Carolina as to the Title VII failure-to-hire and retaliation claims and pendent state law claims (P.R. Laws Ann. tit. 29, §§ 194a and 1321). We dismiss the appeal insofar as it relates to the waived claims against the Mayor and the post-hire discrimination claim against Carolina. Costs are assessed against Carolina.