# United States Court of Appeals
## For the First Circuit

No. 14-2347

WALESKA GARAYALDE-RIJOS,

Plaintiff, Appellee,

v.

MUNICIPALITY OF CAROLINA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Francisco Medina Medina and Pedro E. Ortiz-Alvarez, LLC, on brief for appellant.
Juan M. Frontera-Suau, Carlos J. Jimenez-Torres, and Frontera Suau Law Offices, PSC, on brief for appellee.

August 21, 2015

**LYNCH**, **Circuit Judge**.  This case comes to us once again from the District of Puerto Rico.  Earlier, we reversed the dismissal of the action.  Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15 (1st Cir. 2014).  The issue this time is whether the defendant's offer of judgment under Federal Rule of Civil Procedure 68 was properly accepted by the plaintiff such that the district court did not err in entering judgment for the plaintiff.  No issue concerning Rule 68(d)'s cost-shifting provision is presented.

I.

On September 26, 2011, Waleska Garayalde-Rijos filed a complaint against the Municipality of Carolina (Carolina) in the federal district court of Puerto Rico, alleging gender-based employment discrimination and retaliation.  After we remanded the case, the trial date was set for December 1, 2014.

The key date for the purpose of this appeal is November 24, 2014.  At 12:48 PM that day, Carolina extended to Garayalde-Rijos what it explicitly labeled a Rule 68 offer of judgment for $25,000.[1]  At 5:13 PM, Carolina informed the district court by

---

[1] The parties allege several subsequent events: Carolina offers an email that suggests that Garayalde-Rijos extended a counteroffer to Carolina at 2:25 PM.  Garayalde-Rijos, for her part, offers an email that suggests that Carolina responded to the counteroffer by renewing its original offer at 3:54 PM.  Carolina claims that, in a subsequent phone call at 4:33 PM, Garayalde-Rijos rejected the original offer.  However, because none of this

electronic filing that no settlement had been reached. This was followed closely by a 5:38 PM motion by Garayalde-Rijos informing the district court that she was accepting Carolina's Rule 68 offer of judgment. Carolina then made a motion to clarify, which asked the district court to withhold judgment on the basis that Garayalde-Rijos had not been willing to accept some of its conditions and thus no agreement had been reached between the parties. The district court denied that motion and entered judgment for Garayalde-Rijos on November 25, 2014. Carolina then made a motion for reconsideration on December 2, 2014, claiming that because Garayalde-Rijos had rejected the offer prior to purportedly accepting it, the offer should have been considered withdrawn. The district court denied that motion later that same day. This appeal followed.

## II.

Carolina argues that the district court erred in entering judgment because Garayalde-Rijos had already rejected the offer of judgment prior to informing the court of her acceptance. Meanwhile, Garayalde-Rijos argues that she never rejected the offer. We need not wade into this contested factual issue to resolve this appeal because even an express rejection does not

---

information was presented to the district court, we do not consider these events in this appeal.

terminate a Rule 68 offeree's power to accept the offer within a fourteen-day period.[2]

Rule 68 provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is accepted, "either party may then file the offer and notice of acceptance, plus proof of service," at which time the clerk must enter judgment. Id. A party's decision not to accept a Rule 68 offer of judgment comes with consequences: if the judgment that the offeree ultimately obtains is not more favorable than the unaccepted offer, the offeree is on the hook for the offeror's post-offer costs. Id. 68(d).

This rule was designed to encourage the settlement of private disputes. Marek v. Chesny, 473 U.S. 1, 5 (1985). Its mechanism for doing so is its cost-shifting provision, which enables an offeror to put pressure on the offeree to evaluate the likely value of her claim and "'think very hard' about whether continued litigation is worthwhile." Id. at 11. In return, Rule 68 guarantees the offeree fourteen days to contemplate the offer, as though the offeree had paid for a fourteen-day option. See

---

[2] Although it is not clear what standard of review we should apply to the district court's entry of judgment, we need not decide that question because there was no error by the district court.

Richardson v. Nat'l R.R. Passenger Corp., 49 F.3d 760, 765 (D.C. Cir. 1995). If the offeror were able to revoke the offer at any time, the offeror would be able to exert even greater settlement pressure than the Rule contemplates, throwing off the Rule's "rather finely tuned" balance. See id. As a result, a number of federal courts have suggested that Rule 68 offers should be treated as irrevocable fourteen-day option contracts. Id. at 764 ("[T]he few federal courts that have considered the revocability of offers under Rule 68 . . . have treated Rule 68 offers as at least generally irrevocable during the [14]-day period."); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989). Commentators have also endorsed this rule. See, e.g., 12 C. Alan Wright et al., Federal Practice and Procedure § 3004 (3d ed. 2014); Simon, Jr., The Riddle of Rule 68, 54 Geo. Wash. L. Rev. 1, 5 n.13 (1985); Udall, May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?, 19 F.R.D. 401, 406 (1957).

Federal courts have applied ordinary contract law principles to determine whether there has been a valid offer and acceptance under Rule 68. See, e.g., Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 837 (6th Cir. 2005); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 369 F.3d 91, 95 (2d Cir. 2004) (per curiam); Stewart v. Prof'l Computer Ctrs., Inc., 148 F.3d 937, 939 (8th Cir. 1998); Radecki v. Amoco Oil Co., 858 F.2d 397, 400 (8th Cir. 1988); see also Wright et

al., supra, § 3002.  Under ordinary contract law principles, the irrevocable nature of a Rule 68 offer has particular significance: neither a rejection nor a counteroffer terminates the offeree's ability to accept a Rule 68 offer within the fourteen-day period. Restatement (Second) of Contracts § 37 (Am. Law Inst. 1981); 1 A. Linton Corbin, Corbin on Contracts § 3.38 (rev. ed. 1993); 1 E. Allan Farnsworth, Farnsworth on Contracts § 3.23 (3d ed. 2004); see also Kirkland v. Sunrise Opportunities, 200 F.R.D. 159, 162 n.3 (D. Me. 2001); Pope v. Lil Abner's Corp., 92 F. Supp. 2d 1327, 1328 (S.D. Fla. 2000); Butler v. Smithfield Foods, Inc., 179 F.R.D. 173, 176 (E.D.N.C. 1998); United States v. Hendricks, No. 92 C 1461, 1993 WL 226291, at *2 (N.D. Ill. June 24, 1993).  This conclusion is consistent with the language of Rule 68 itself, which recognizes only two types of offers -- offers accepted within fourteen days and offers not accepted within fourteen days -- and does not even contemplate a counteroffer or an affirmative rejection within the fourteen-day period.  Because Garayalde-Rijos filed a timely acceptance, the district court's entry of judgment was correct regardless of what took place in the contested series of exchanges between the parties in the time between the offer of judgment and Garayalde-Rijos's acceptance.[3]

---

[3] In certain situations, an offeror's detrimental reliance on the offeree's rejection of the offer may terminate the power of acceptance, Farnsworth, supra, § 3.23, or an offer should be considered revocable because it was induced by fraudulent conduct

- 6 -

Carolina argues that this conclusion is foreclosed by the text of Rule 68(b), which says that "[a]n unaccepted offer is considered withdrawn." Fed. R. Civ. P. 68(b). However, the rule that a rejection or counteroffer does not terminate the offeree's power of acceptance does not contravene the text of the Rule, which merely says that an offer is considered withdrawn if not accepted within the fourteen-day period. Carolina also claims that our conclusion is at odds with the Supreme Court's opinion in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013). Specifically, Carolina points to the statement that "the recipient's rejection of an offer 'leaves the matter as if no offer had ever been made.'" Id. at 1533 (Kagan, J., dissenting) (quoting Minneapolis & St. L. Ry. Co. v. Columbus Rolling-Mill Co., 119 U.S. 149, 151 (1886)). However, that statement comes from a part of Justice Kagan's dissent discussing a completely unrelated issue: an offeree's rejection of a Rule 68 offer that would have afforded her complete relief and that rejection's effect on the continued existence of a live controversy. Id. at 1533–34. A cherry-picked quote, particularly from a dissent that does not even remotely address the issue at hand, does not persuade us to reach the opposite conclusion.

---

by the offeree, Colonial Penn Ins. Co., 887 F.2d at 1240. Also, an offeror may in some circumstances clarify an offer after making it. See Radecki, 858 F.2d at 402–03. However, none of those exceptions are relevant here.

III.

In a further attempt to backtrack on its offer, Carolina argues that its offer should not have been considered a proper Rule 68 offer, despite the fact that it was Carolina itself that labeled its November 24, 2014, offer a Rule 68 offer of judgment. Specifically, Carolina argues that because its offer was not made "[a]t least 14 days before the date set for trial," Fed. R. Civ. P. 68(a), the offer should have been considered a garden-variety settlement offer that could not have led to entry of judgment without a joint request for settlement. However, this argument is waived because it was not raised in the district court in any of Carolina's motions objecting to Garayalde-Rijos's acceptance of the offer, or in its motion for reconsideration of entry of judgment. See Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 53 (1st Cir. 2011) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal." (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991))). As a result, Carolina's attempt to take back its offer is to no avail.

IV.

For the reasons stated, the judgment is affirmed. Costs are awarded against Carolina.

- 8 -